UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KORRY BUSCH,                          )
                                      )
            Plaintiff,                )
                                      )
      v.                              )          No. 4:23 CV 1668 CDP
                                      )
APPLECARE SERVICE COMPANY,            )
INC.,                                 )
                                      )
            Defendant.                )

## MEMORANDUM AND ORDER

Plaintiff Korry Busch, who proceeds in this action *pro se*, alleges that his former employer, defendant AppleCare Service Company, Inc., discriminated against him in his employment on account of his race and disability, and in retaliation for engaging in protected conduct.   He asserts claims under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 1981, the Americans with Disabilities Act (ADA), and the Missouri Human Rights Act (MHRA).   For the reasons that follow, I will deny AppleCare's motion to dismiss to the extent it argues that *res judicata* bars Busch's § 1981, ADA, and MHRA claims; but I will grant the motion to the extent AppleCare argues that the ADA and MHRA claims are unexhausted.   I will deny AppleCare's motion for more definite statement of Busch's Title VII claim.

## The Complaint

Busch, an African-American, began his employment with AppleCare in August 2017 and worked there as an advisor.   In his complaint, Busch contends that he was subjected to different treatment at work because of his race, was subjected to racially insensitive statements, was disciplined for complaining about the treatment, and that the disparate treatment became progressively worse after his complaints.   Busch alleges that the hostile environment caused him to suffer a depressive/anxiety event at work in July 2021, whereupon he collapsed and was injured.   He took short-term disability, but AppleCare delayed his return to duty by requiring him to produce medical documentation and by failing to afford him reasonable accommodations.   Busch was suspended on August 19, 2021, and his employment was terminated on September 30, 2021.   Busch also contends that he complained of unfair labor practices that were prohibited by the National Labor Relations Act, and that an NLRB complaint resulted in a determination that AppleCare wrongfully engaged in interference and retaliation in relation to his work environment.

In Count I of his complaint here, Busch brings a Title VII claim of race discrimination, asserting that AppleCare engaged in unlawful employment practices and "knew or should have known" that its actions were unlawful given Busch's complaints to AppleCare and the EEOC.   Busch brings Count II under 42

U.S.C. § 1981, asserting that AppleCare subjected him to race discrimination, retaliation, and a hostile work environment that affected the terms, conditions, and privileges of his employment.   In Counts III and IV, Busch asserts that AppleCare violated the ADA by requiring medical documentation before his return to work after suffering a health event from his disabilities, namely anxiety, nervousness, and depression; and by failing to provide reasonable accommodations for his disability and terminating his employment instead.   In Counts V and VI, Busch brings claims of race discrimination, retaliation, and hostile work environment under the MHRA.

AppleCare moves to dismiss Counts II through VI of Busch's complaint for failure to state a claim, arguing that the doctrine of *res judicata* bars the claims because Busch agreed to waive and release such claims pursuant to a settlement agreement executed in the NLRB action.   Alternatively, AppleCare seeks to dismiss Counts III through VI of the complaint for failure to exhaust administrative remedies.   AppleCare also seeks a more definite statement of Count I, arguing that Busch's allegations are vague and lack any factual support, thereby depriving AppleCare sufficient notice of what it must respond to.

## Legal Standards

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of the complaint.   When reviewing a Rule 12(b)(6) motion, I assume

the factual allegations of the complaint are true and construe them in plaintiff's

favor.   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).   "[T]he

tenet that a court must accept as true all of the allegations contained in a complaint

is inapplicable to legal conclusions."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The complaint must contain sufficient factual matter, accepted as true, to state a

claim for relief "that is plausible on its face."   *Id.*   The "factual allegations must

be enough to raise a right to relief above the speculative level."   *Twombly,* 550

U.S. at 555.   The issue in determining a Rule 12(b)(6) motion is not whether the

plaintiff will ultimately prevail, but whether he is entitled to present evidence in

support of his claims.   *See Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011);

*Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).

In addition to the complaint, I may consider exhibits that are attached to the

complaint, matters of public record, and materials necessarily embraced by the

complaint, without having to convert the motion to one for summary judgment.

*Humphrey v. Eureka Gardens Pub. Facility Bd.*, 891 F.3d 1079, 1081 (8th Cir.

2018); *Ryan v. Ryan*, 889 F.3d 499, 505 (8th Cir. 2018).   Materials necessarily

embraced by the complaint include "documents whose contents are alleged in a

complaint and whose authenticity no party questions, but which are not physically

attached to the pleading."   *Ryan*, 889 F.3d at 505 (internal quotation marks and

citations omitted).   Accordingly, in determining AppleCare's motion to dismiss

- 4 -

here, I consider Busch's complaint, the right-to-sue notice attached to the complaint as an exhibit, and the charge of discrimination filed with AppleCare's motion as the charge is a matter of public record and a document necessarily embraced by and consistent with Busch's complaint.   *See Curless v. Evergy Metro, Inc.*, No. 23-00376-CV-W-WBG, 2023 WL 8582587, at *2 (W.D. Mo. Dec. 11, 2023) (courts must read a complaint and charge of discrimination together; charges of discrimination are part of the public record) (citing cases).   I will not consider the other exhibits attached to AppleCare's motion (settlement agreement) and Busch's response thereto (email exchange) because they are neither documents whose contents are alleged in Busch's complaint nor matters of public record.

A motion for more definite statement under Rule 12(e) may be granted if "a pleading . . . is so vague or ambiguous that a party cannot reasonably prepare a response."   Fed. R. Civ. P. 12(e).   A complaint must provide the defendant with fair notice of what each claim is and the ground on which each claim rests. *Gomez v. Wells Fargo Bank, N.A.*, 676 F.3d 655, 665 (8th Cir. 2012).   While motions under Rule 12(e) are disfavored, a defendant may nevertheless seek a more definite statement when the complaint fails to specify the allegations in a manner that provides sufficient notice, thereby preventing defendant from responding to it in good faith or without prejudice to itself.   *Swierkiewicz v.*

*Sorema N.A.*, 534 U.S. 506, 514 (2002); 5C Wright & Miller, Federal Practice &
Procedure: Civil 3d § 1376 at 311.   Motions for more definite statement, however,
are "designed to strike at unintelligibility rather than a lack of detail in the
complaint."   *Ronnoco Coffee, LLC v. Castagna*, No. 4:21-CV-00071-JAR, 2021
WL 1143905, at *1 (E.D. Mo. Mar. 25, 2021) (citing *Tinder v. Lewis Cnty.*
*Nursing Home Dist.*, 207 F. Supp. 2d 951, 960 (E.D. Mo. 2001)).

**Discussion**

<u>*Res Judicata*</u> – Counts II through VI

AppleCare contends that a settlement agreement executed in relation to the
prior NLRB action has *res judicata* effect on the claims raised in Counts II through
VI of Busch's complaint here given that, in that settlement agreement, Busch
agreed to waive and/or release all claims relating to his employment with
AppleCare other than those set out in his EEOC charge of discrimination.[1]   In
response, Busch asserts*, inter alia*, that he did not knowingly and voluntarily
execute the agreement because 1) he was not clearly advised of his right to seek
counsel, 2) he was not given sufficient time to review the agreement and its
release, and 3) he was deprived of a meaningful opportunity to negotiate the
agreement's terms.   To support these assertions, Busch avers that he was

---

[1] AppleCare acknowledges that the assertions made in the charge of discrimination form the
basis of Busch's Title VII claim raised in Count I of his complaint.

instructed to execute the agreement immediately upon receiving it in order to receive the monetary settlement; that despite the language in the agreement, he was not advised of his right to seek advice from counsel; and that the coercive nature in requiring him to immediately sign the agreement shows that he was unable to negotiate its terms.   AppleCare challenges Busch's assertions, claiming that negotiations occurred over the course of weeks, that Busch was able to bargain for retention of his EEOC claims in exchange for a monetary sum, and that Busch does not dispute accepting the settlement monies in exchange for the release.

The parties' arguments and assertions made in relation to AppleCare's *res judicata* argument are based in part on matters and factual averments outside the complaint and outside the realm of additional material that may be considered on a Rule 12(b)(6) motion to dismiss.   Such matters are more appropriately considered on a motion for summary judgment with proper submission of evidence after the opportunity to conduct discovery relevant to the issue.   I will therefore deny AppleCare's motion to dismiss to the extent it argues that *res judicata* bars Counts II through VI of Busch's complaint.

<u>Failure to Exhaust – Counts III through VI</u>

In Counts III and IV of his complaint, Busch alleges that AppleCare violated the ADA by requiring medical documentation for his return to work and by denying his reasonable requests for accommodations.   In Counts V and VI, Busch

- 7 -

brings claims of race discrimination, retaliation, and hostile work environment under the MHRA.

It is well established that to bring an employment discrimination claim under the ADA, a plaintiff must first exhaust his administrative remedies.  *See Lindeman v. Saint Luke's Hosp. of Kansas City*, 899 F.3d 603, 608 (8th Cir. 2018); *Williams v. Spire*, No. 4:23-CV-43 RLW, 2023 WL 6477973, at *3 (E.D. Mo. Oct. 5, 2023) ("Timely filing a charge of discrimination with the EEOC or with the State or local agency is a precondition to suit under . . . the ADA.").   The Eighth Circuit has explained that "[t]he reason for requiring the pursuit of administrative remedies first is to provide the EEOC with an initial opportunity to investigate allegations of employment discrimination and to work with the parties toward voluntary compliance and conciliation."  *Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005).

To determine what claims a plaintiff exhausted, the Court looks to the boxes that were checked on the charge of discrimination and the narrative description of the allegations in the charge.  *Williams*, 2023 WL 6477973, at *4 (citing *Blakley v. Schlumberger Tech. Corp*., 648 F.3d 921, 931 (8th Cir. 2011); *Tyler*, 628 F.3d at 989).   "[A] plaintiff will be deemed to have exhausted administrative remedies if the allegations of the judicial complaint are like or reasonably related to the administrative charges that were timely brought."  *Wedow v. City of Kansas City,*

*Mo.*, 442 F.3d 661, 672 (8th Cir. 2006) (quoting *Anderson v. Block*, 807 F.2d 145,

148 (8th Cir. 1986)).   The Court should "liberally construe an administrative

charge for exhaustion of remedies purposes"; however, "there is a difference

between liberally reading a claim which lacks specificity, and inventing, *ex nihilo*,

a claim which simply was not made."   *Sellers v. Deere & Co.*, 791 F.3d 938, 943

(8th Cir. 2015) (internal quotation marks and citations omitted).

Busch's charge of discrimination here was in narrative form, prepared by an

attorney, and filed only with the EEOC.   The familiar check-box form-complaint

was not used.   In the EEOC charge, Busch alleged that AppleCare, through its

manager, subjected him to race discrimination and retaliation.   He made no

allegations or factual averments relating to a disability or discrimination based on

disability.   (*See* ECF 13-1.)   Consequently, I cannot find that Busch's claims of

discrimination based on disability are like or reasonably related to the claims of

race discrimination and retaliation raised in his charge of discrimination.   I will

therefore dismiss Busch's ADA claims of disability discrimination raised in

Counts III and IV of his complaint for failure to exhaust administrative remedies.

Busch likewise failed to exhaust his MHRA claims raised in Counts V and

VI of the complaint.   "To initiate a claim under the MHRA a party must timely

file an administrative complaint with MCHR [Missouri Commission on Human

Rights] and either adjudicate the claim through the MCHR or obtain a right-to-sue

letter." *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000).   Only

after a plaintiff receives a right-to-sue letter from the MCHR may he file an

MHRA claim.   *Hammond v. Mun. Corr. Inst.*, 117 S.W.3d 130, 136 (Mo. Ct. App.

2003); *see also Whitmore v. O'Connor Mgmt., Inc.*, 156 F.3d 796, 800 (8th Cir.

1998) ("[W]e believe that the Missouri courts would consider a right-to-sue letter

as a condition precedent, although not a jurisdictional prerequisite, to bringing an

action under the MHRA.").

Busch avers in his complaint that he filed a charge of discrimination with the

MCHR, and he clarifies in response to AppleCare's motion to dismiss that he

considered his EEOC charge to have been dually filed with the MCHR under Mo.

Rev. Stat. § 213.075.   *See* Mo. Rev. Stat. § 213.075.2 ("Any complaint which is

filed with the Equal Employment Opportunity Commission . . . shall be deemed

filed with the [MCHR] on the date that such complaint is received by such federal

agency[.]").   In both his complaint and response, however, Busch asserts that he

received a right-to-sue letter from only the EEOC.   "A right-to-sue letter from the

EEOC does not give rise to a right-to-sue under the MHRA; the plaintiff must first

receive a right-to-sue letter from the MCHR."   *Hammond*, 117 S.W.3d at 136.

Because Busch has failed to plead or otherwise establish that he received a right-

to-sue letter from the MCHR, this Court does not have statutory authority to

proceed on his MHRA claims.   *See McDonald v. Chamber of Com. of*

*Independence.*, 581 S.W.3d 110, 118 (Mo. Ct. App. 2019); Mo. Rev. Stat. §

213.111.1.   I must therefore dismiss Busch's MHRA claims for failure to exhaust

administrative remedies.   *See Cason v. St. Louis Pub. Schs.*, No. 4:22-cv-00478-

SEP, 2023 WL 2681985, at *3 (E.D. Mo. Mar. 29, 2023).

Accordingly, Counts III through VI will be dismissed for failure to exhaust

administrative remedies.   Because Busch may remedy his failure to exhaust the

MHRA claims by obtaining a right-to-sue letter from the MCRA, dismissal of

Counts V and VI will be without prejudice.

<u>More Definite Statement – Count I</u>

In determining whether to grant a motion for more definite statement, "the

only question is whether it is possible to frame a response to the pleading."

*Taylor v. U.S. Postal Serv.*, No. 4:20-cv-01571-SEP, 2021 WL 105617, at *1

(quoting *Boswell v. Panera Bread Co.*, 91 F. Supp. 3d 1141, 1144 (E.D. Mo.

2015)).   In its motion, AppleCare seeks a more definite statement on only Count I

of the complaint, Busch's Title VII claim of race discrimination.

In the complaint's "Common Allegations of Fact," Busch alleges that he

performed his work duties to the legitimate expectations of his employer,

AppleCare, but that AppleCare subjected him to different treatment than his white

counterparts and gave false and pretextual reasons for its actions against him.

Busch further contends that such disparate treatment included being disciplined –

including threats of termination – if he did not stop expressing his concerns to the company.   And he alleges that white employees engaged in similar conduct but received either no discipline or less severe discipline than he.   Count I realleges the common allegations of fact and claims that AppleCare's conduct constituted race discrimination in violation of Title VII, which caused him to suffer, *inter alia*, lost wages and benefits, a detrimental job record, and diminished career potential.

When read against the backdrop of the complaint's common allegations of fact and the detailed allegations contained in the charge of discrimination, I cannot find that Count I of Busch's complaint is so vague or ambiguous such that AppleCare cannot reasonably prepare a response.   Busch claims that AppleCare discriminated against him on account of his race in violation of Title VII by subjecting him to discipline or more severe discipline than similarly situated white employees for expressing concerns to the company.   Such allegations provide AppleCare with fair notice of the claim and the grounds upon which it rests.   I will therefore deny AppleCare's motion for more definite statement of Count I of the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that defendant AppleCare Service Company, Inc.'s Motion to Dismiss Counts II-VI of Plaintiff's Complaint and Motion for More Definite Statement of Count I [12] is **GRANTED in part and DENIED in**

**part** as follows:

- The motion is **DENIED** to the extent defendant claims that Counts II through VI are barred by *res judicata*;

- The motion is **GRANTED** to the extent defendant claims that plaintiff failed to exhaust administrative remedies as to Counts III through VI;

- The motion is **DENIED** to the extent defendant seeks a more definite statement of Count I.

**IT IS FURTHER ORDERED** that Counts III and IV are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Counts V and VI are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that defendant shall answer Counts I and II of the complaint within the time set by the rules.

This case will be set for a Rule 16 scheduling conference by separate order.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE


Dated this 8th day of May, 2024.